**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECALT S.A. and TRACTEL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WUXI SHENXI CONSTRUCTION MACHINERY CO., LTD.,<br><br>Defendant. | Case No. 2:08-CV-00336 JCM-GWF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [127];DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [145]; AND DENYING PLAINTIFFS' MOTION TO EXCLUDE DR. CAGAN [154]** |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Jiangsu Shenxi (Wuxi Shenxi Construction Machinery Co., Ltd.) ("Jiangsu") sought Summary Judgment on Plaintiffs' Secalt S.A. and Tractel, Inc. (collectively "Tractel") claims for trade dress infringement [Doc. No. 127]. Tractel also moved for partial summary judgment that Jiangsu had made use of an allegedly infringing trade dress in commerce [Doc. No. 145] and to exclude the expert report and testimony of Dr. Cagan [Doc. No. 154]. Having reviewed the briefing, exhibits and arguments of the parties, the Court makes the following findings and rulings in support of its grant of Jiangsu's motion for summary judgment [Doc. No. 127] and its denial of Tractel's motions [Doc. Nos. 145 and 154].

**A.  Background of the Motions**

1.   Tractel filed its complaint for trade dress infringement under the Lanham Act, 15 U.S.C. §1125(a) and related state and common law claims, on March 14, 2008. *See* Pls.' Compl. (Doc. No. 1).

2.   "Tractel manufactures, markets, sells and distributes equipment for lifting, material handling, measurement of tension and loads, suspended working platforms, building maintenance installations and fall arrest safety, including Tirak hoists[.]" Pls.' Compl. at ¶ 12 (Doc. No. 1).

3.   In its complaint, Tractel alleges that its Tirak hoists are "sold in a configuration reflecting a combination of distinctive design elements" that include:

(a)   a cube shaped gearbox with horizontal fins;

    (b)    a cylindrical motor mounted in an off-set position on the cube and partially overhanging the edge of the cube, the cylindrical motor including vertical fins on a lower portion and a generally smooth sheet metal upper cover, the cylindrical motor having a control descent lever and top cap positioned over the upper end and supported thereon by rectangular legs;

    (c)    a rectangular control box cantilevered to the motor by a square shaped member, the control box positioned over the cube, the control box including controls thereon; and

    (d)    a rectangular frame.

*Id.* at ¶ 15.

4. Tractel further alleges that this combination of "design elements" constitutes the "Tirak Trade Dress." (*Id.* at ¶ 15) and asserts that the alleged Tirak trade dress is entitled to protection under the Lanham Act. *Id.*

5. A Tirak hoist bearing the alleged Tirak trade dress appears below. *See* Ex. A to Pls.' Compl. (Doc. No. 1).

 

6. On April 23, 2010, following the close of a 656-day discovery period (spanning April 28, 2008 to February 12, 2010) (*see* Scheduling Orders, Doc. Nos. 17, 107), Defendant Jiangsu filed a motion seeking summary judgment as to all counts in Tractel's complaint. *See* Def.'s Mot. for Summ. J. (Doc. No. 127).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

7. Jiangsu's summary judgment motion alleged that Tractel could not meet its burden of proving that its alleged Tirak trade dress is not functional and that judgment therefore was warranted as a matter of law. *Id*. at 1.

8. Tractel's motion for partial summary judgment alleged that Jiangsu had made use of an infringing trade dress in commerce as defined under the Lanham Act. *See* 15 U.S.C. § 1125(a)(1); Doc. No. 145.

9. Tractel's motion to exclude Jiangsu's expert witness, Dr. Jonathan Cagan, alleged that Dr. Cagan's testimony was inadmissible pursuant to Rule 702 of the Federal Rules of Evidence. *See* Doc. No. 154.

**B. Rulings on Motions**

1. To succeed in its motion for Summary Judgment [Doc No. 127], Jiangsu need only demonstrate that Tractel was unable "to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322); *see also Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 786 (9th Cir. 2002) (affirming summary judgment where the plaintiff had not pointed to any evidence of non-functionality "other than those elements essential to [the] effective use of its product").

2. On summary judgment and in this proceeding, Tractel bears the burden of demonstrating that its asserted Tirak trade dress is not functional. *See* 15 U.S.C. § 1125(a)(3) ("In a civil action for trade dress infringement under this chapter for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional."); *TrafFix Devices, Inc. v. Mktg. Displays*, *Inc.* 532 U.S. 23, 32 (2001) (". . . the party asserting trade dress has the burden to establish the nonfunctionality of alleged trade dress features").

3. The burden of proof stemming from the Lanham Act's requirement that a trade dress plaintiff prove non-functionality "gives force to the well-established rule that trade dress protection may not be claimed for product features that are functional" *TrafFix*, 532 U.S. at 29.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

4. A product feature is functional "'if it is essential to the use or purpose of the article'" *Id.* at 32 (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850 n.10 (1982)).

5. A product that "is in its particular shape because it works better in th[at] shape" cannot be recognized as a trademark. *Leatherman Tool Group, Inc. v. Cooper Industries, Inc.*, 199 F.3d 1009, 1012 (9th Cir. 1999) (quoting *Textron, Inc. v. U.S. Int'l Trade Comm'n*, 753 F.2d 1019, 1025 (Fed.Cir.1985)).

6. "Where [a product's] design is functional under the *Inwood* formulation there is no need to proceed further to consider if there is a competitive necessity for the feature." *TrafFix*, 532 U.S. at 33.

7. Competitive necessity and alternative designs need only be considered in situations involving "esthetic functionality" where the product feature in question has "[no] bearing on the use or purpose of the product or its cost or quality." *Id.* at 32-33.

8. Consistent with these authorities and controlling law, even when viewing the facts in the light most favorable to Tractel, there is no genuine issue of material fact as to the functionality of the Tirak trade dress and no reasonable jury could find in Tractel's favor on this issue. Even when viewed in the most favorable light, the admissible evidence submitted by Tractel fails to suggest that the alleged Tirak trade dress is non-functional. Tractel thus is unable to establish that they possess protectable trade dress and their claim of trade dress infringement must fail as a matter of law.

9. Since the record demonstrates that there is no genuine issue as to the functional nature of the alleged Tirak trade dress, Jiangsu is entitled to summary judgment with respect to Count I of Tractel's Complaint.

10. Given Tractel's inability to establish protectable trade dress, Tractel's unfair competition claims also fail; therefore summary judgment is entered with respect to Count II of Tractel's Complaint.

11. Tractel's inability to demonstrate the non-functionality of their trade dress is similarly dispositive with respect to Tractel's claims under Nevada's Deceptive Trade Practices Act ("DTPA") and claims of "trade dress infringement and unfair competition under the common law of

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

the state of Nevada and other states of the United States," and summary judgment is thus entered with respect to Count III of Tractel's Complaint.

12. Having reviewed the briefing, exhibits and arguments of the parties concerning Tractel's motion for partial summary judgment (Doc. No. 145), the Court finds that Tractel has failed to meet its burden under Federal Rule of Civil Procedure 56, and the motion is thus denied.

13. Having reviewed the briefing, exhibits and arguments of the parties concerning Tractel's motion to exclude Dr. Cagan (Doc. No. 154), the Court finds that Dr. Cagan meets the standards of admissibility under the Federal Rules of Evidence and the relevant case law.  Tractel's motion is thus denied.

ACCORDINGLY, the Court hereby FINDS and ORDERS:

Having considered Defendant's Motion for Summary Judgment [127] and Plaintiffs' response thereto, and for good cause appearing,

Defendant's motion [127] is **GRANTED.**

Plaintiffs' Motion for Partial Summary Judgment [145] and Plaintiffs' Motion to Exclude Dr. Cagan [154], are **DENIED**.

**IT IS SO ORDERED:**

Date: August 17, 2010

_____
JAMES C. MAHAN
United States District Judge

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169