UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SECALT S.A. and TRACTEL, INC.,

    Plaintiffs,

v.

WUXI SHENXI CONSTRUCTION MACHINERY CO., LTD.,

    Defendant.

2:08-CV-336 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Seacalt S.A. et al.'s objections to defendant Wuxi Shenxi Construction Machine Company, Ltd.'s (hereinafter "Wuxi") bill of costs. (Doc. #190). Plaintiffs filed the declaration of Scott S. Christie in support of the objections. (Doc. #190-2). Defendant Wuxi filed a reply to plaintiffs' objections (doc. #194) and the declaration of Clay P. Hughes Esq. in support of the reply (doc. #194-1 and #194-2).

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court directs otherwise. Taxable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk or marshal, (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification and copies of papers necessarily obtained for use in the case, (5) docket fees under section 1923 of this title, and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**James C. Mahan**
**U.S. District Judge**

On August 30, 2010, defendant filed a bill of costs (doc. #183) reflecting a total amount of $32,761.61. In the plaintiffs' objections (doc. #190), they assert that defendant's bill of costs should be denied in its entirety because "it is impossible to determine how defendant calculated the amounts it seeks to recover." Further, the plaintiffs assert that the bill of costs is "replete with items that are not taxable." The proper amount that should be recovered according to the plaintiffs is $9,102.71.

### Pro Hac Vice Fees

In the present objection to the bill of costs (doc. #190), plaintiffs assert that defendant improperly seeks to recover costs relating to attorney pro hac vice admission fees. In Exhibit A attached to the bill of costs (doc. #183-1), the defendant itemized the fees it sought to receive, wherein it asserted fees for the admission of five pro hac vice attorneys, totaling $875.00. However, attorney admission fees are not recoverable as costs, as "such fees are an expense of counsel that is not normally passed on to its clients." *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673 JCS, 2006 U.S. Dist. LEXIS 98312, at *12-13 (N.D. Cal. Aug. 23, 2006). In the defendant's reply, it did not rebut this argument nor provide any case law to the contrary. Therefore, the pro hac vice fees should be deducted from the total costs.

### Delivery & Handling of Deposition Transcripts

Plaintiffs also assert that the defendant's costs relating to deposition transcripts "far exceed the amounts to which it is entitled." (Doc. #190). Exhibit A (doc. #183-1) to the bill of costs reflects a total of $11,519.11 in transcript fees. Included in this amount, are several fees for "delivery & handling" of certain deposition transcripts, including; $40 in the Cagan deposition, $35 in the Hughart deposition, $42.50 in the Hernandez deposition, and $39 in the Polster deposition. Costs related to depositions are generally available to the prevailing party. *Wash. State Dep't of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995). However, the fees sought for shipping and handling are not recoverable because 28 U.S.C. § 1920 does not provide for an award for such services. *Frederick v. City of Portland*, 162 F.R.D. 139 (D.Or., 1995) ("Such fees are not mentioned in §1920 and are routinely excluded as taxable costs.").

The defendant does not present any rebuttal argument in its reply (doc. #194) with regards

James C. Mahan
U.S. District Judge

- 2 -

to the shipping and handling costs. Therefore, the fees for shipping and handling of the deposition transcripts should be deducted from the total bill of costs.

### "Real Time" Transcripts

Defendant's bill of costs (doc. #183) includes the costs for obtaining several deposition transcripts in "real time." The addition of "real time" transcripts resulted in a one dollar per page increase to the deposition transcript fee. As §1920 states, "fees of the court reporter for all or any part of the stenographic transcript *necessarily obtained* for use in the case" are recoverable. 28 U.S.C. §1920. (Emphasis added). Here, the defendant has not presented the court with any evidence that the "real time" transcripts were necessary or that the normal transcripts were insufficient. Therefore, the court is not inclined to order that the plaintiffs pay the additional costs of the "real time" transcripts, and the fees should be deducted accordingly.

### Deposition Interpreters

Fees for interpreters are recoverable under 28 U.S.C. §1920. However, the plaintiffs allege that the bill of costs includes the costs for an additional interpreter, and that they already paid the fees for the services of the official interpreter who attended the depositions and provided translation services. Defendant asserts that due to the fact that all of its witnesses spoke little to no English, an interpreter was "necessary to communicate legal advice and to explain the proceedings during the course of the depositions, and in preparing to be deposed."

Further, defendant asserts that the interpreter provided by the plaintiffs was *not* hired for these purposes, and that it was reasonably necessary to hire the second interpreter. In addition, defendant submitted evidence to the court (doc. #194-1 and #194-2) that the second interpreter was crucial in the depositions, by demonstrating that the dialect of the first interpreter was not the same as that of the witnesses, and that the second interpreter played a "vital role," as she was able to communicate for the parties. As the deposition transcript of the Jie Wu (doc. #194-2) shows, both parties agreed that the interpreter was "very helpful," and plaintiffs' counsel agreed to have the her sworn on the record. In light of this evidence, the court sees the second interpreter as "necessary," and is inclined to grant fees for her services for the depositions that she attended and translated for.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Seacalt S.A. et al.'s objections to the bill of costs and request for the court to strike certain fees (doc. #190) be, and the same hereby is, GRANTED in part, and DENIED in part.

IT IS THEREFORE ORDERED that defendant Wuxi Shenxi Construction Machine Company, Ltd. file an amended bill of costs to reflect the court's ruling herein.

DATED December 21, 2010.

_____
UNITED STATES DISTRICT JUDGE