# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SECALT S.A. and TRACTEL, INC., | 2:08-CV-336 JCM (GWF) |
| Plaintiffs, | |
| v. | |
| WUXI SHENXI CONSTRUCTION MACHINERY CO., LTD., | |
| Defendant. | |

**ORDER**

Presently before the court is defendant Wuxi Shenxi Construction Machinery Co., Ltd.'s (hereinafter "Wuxi") motion for attorney fees (doc. #184). Wuxi filed the declaration of Clay P Hughes, Esq. in support of its motion. (Doc. #185). Plaintiffs Secalt S.A. and Tractel, Inc. filed an opposition (doc. #195) and the declarations of Scott S. Christie and Chase R. Fears in support of their opposition (doc. #196 and #197). Defendant filed a reply (doc. #199) and the declaration of Clay P Hughes, Esq. (doc. # 199-1) in further support of its motion.

This court granted defendant Wuxi's motion for summary judgment on August 17, 2010. (Doc. #180). The clerk of the court entered judgment against plaintiffs on August 18, 2010 (doc. #181). Subsequently, defendant Wuxi filed this motion for attorney fees (doc. #184) pursuant to 15 U.S.C. § 1117(a), claiming the award of attorney fees is appropriate due to the groundless and unreasonable claims brought by the plaintiff.

Under the Lanham Act which governs this trade dress infringement case, "the court may in exceptional cases award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). When

**James C. Mahan**
**U.S. District Judge**

1  a case is "<u>either</u> groundless, unreasonable, vexatious, or pursued in bad faith," the Ninth Circuit has
2  held that it is an exceptional case which warrants the award of attorney's fees. *Cairns v. Franklin*
3  *Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (*Cairns V*) (emphasis in original) (quoting *Avery*
4  *Dennison Corp. v. Sumpton*, 189 F.3d 868, 881 (9th Cir. 1999)).

5        The plaintiffs' complaint stemmed from an alleged trade dress infringement. For a party to
6  be successful in a trade dress suit for an unregistered trade dress, the party must first establish that
7  the trade dress was not functional. *See* 15 U.S.C. § 1125 (a)(3). As the plaintiffs' alleged trade dress
8  was not registered, they carried this burden of proof.

9        Defendant asserts that not only did the plaintiffs fail to initially demonstrate that the trade
10 dress was not functional, but they subsequently failed to produce any evidence through discovery to
11 prove the "most basic element of [their] claim," the non-functionality. Further, defendant asserts that
12 the plaintiffs were aware of the fact that their claim was 'groundless' when Judge Martin in the
13 Northern District of Georgia stated that, after looking at the same trade dress, arguments, and
14 evidence, "there is an utter failure of evidence," and that there's "nothing about this design that is
15 arbitrary, incidental or ornamental."

16       Defendants assert that due to the plaintiffs continuing to "ignore (I) [their] own intitial
17 evidentiary deficiencies, (ii) the contrary testimonial evidence of functionality from [their] own
18 witnesses, and (iii) a district court's unequivocal rejection of its argument and 'evidence,'" this is
19 an exceptional case that warrants the award of attorney fees.

20       As the Ninth Circuit has held, a plaintiff's failure to present evidence as to the most "basic
21 elements of a Lanham Act claim" demonstrates the "clearly [] 'groundless'" nature of its claim.
22 *Societe Civile Succession Guino v. Renoir*, 305 Fed. Appx. 334, 338 (9th Cir. Ariz 2008) (quoting
23 *Cairns V*, 292 F.3d at 1156). Here, as demonstrated by the defendant, the plaintiffs were unable to
24 provide the court with any evidence to support their assertion that the trade dress was not functional.
25 Defendant asserts that the plaintiffs proceeded to file motions, take depositions, and add to the
26 litigation costs even after they were aware that they did not have a claim. The fact that they continued
27 to prosecute their claims despite this knowledge, was 'unreasonable.' *Id.*

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Pursuant to Local Rule 54-16(b)(1) and (2), a party's motion for attorney's fees must include "[a] reasonable itemization and description of the work performed," and "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through LR 54-15."

As required by Local Rule 54-16(c), defendant attached the affidavit of Charles H. Dougherty in support of attorney's fees (doc. #185-1) to the declaration of Clay P. Hughes, Esq. (doc. #185). Within the affidavit, Dougherty asserts that the hourly rates reflected in the invoices are the accurate amounts charged by himself and others involved in the litigation, and that they are "well within the range of rates for comparably-experienced attorneys." He further asserts that he has "reviewed all time entries with respect to this matter," and that the fees incurred were "reasonable and necessary for [the defendant] to defend against [p]laintiffs' allegations." In addition, he provided the court with a summary of the legal work performed, and asserted that the defendant has incurred a total of $836,899.99 in attorney's fees and additional amounts for costs sought to be charged as a part of the fee award.

Also included in the declaration of Clay P. Hughes, Esq. (doc. #185), is the requisite itemization and description of the work (doc. #185-2) and a summary of the costs sought (doc. #185-3). In light of the unreasonableness of the plaintiffs' claim, and the documentation that defendant has provided in support of its motion for attorney fees, this court is inclined to grant the attorney fees.

In the plaintiffs' opposition (doc. #195), they assert that the award of attorney fees in not appropriate because the suit was brought "reasonably and in good faith," because they own "the rights to a design patent for the Tirak [t]rade [d]ress." Further, they assert that an action that raises "debatable issues of law and fact," like this one, is not an exceptional case warranting the award of fees under the Lanham Act. *Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 827 (9th Cir. 1997).

However, as defendant points out, "the mere absence of bad faith on [plaintiffs'] part does not render it ineligible for attorney's fees." *Id.* Plaintiffs do not provide the court with any evidence that there were "debatable issues of law and fact" with regards to the trade dress. They assert rights

**James C. Mahan**
**U.S. District Judge**

- 3 -

in the design patent to rebut the defendant's 'unreasonable' argument, yet fail to produce evidence that they own the design patent, or that the true owner assigned the rights to them. Moreover, even if the plaintiffs could demonstrate ownership of rights in the patent, "the purpose and essence of patent rights are separate and distinct from those pertaining to trademarks [or trade dress], and... no right accruing from one is dependent or conditioned by the right concomitant to the other." *In re Mogan David Wine Corp.*, 328 F.2d 925 (C.C.P.A. 1964).

Plaintiffs also assert that the fees should not be awarded because "the invoices include conclusory narratives," the attorneys used had "unnecessarily high levels of experience and billing rates," and the defendant is not entitled to recover for hours of travel. However, the defendant has submitted documents to the court that provide substantial support to its invoices as required by the Local Rules. The "unnecessarily high levels of experience" that the plaintiffs are referring to, are those of the patent attorney the defendant needed to hire in response to the plaintiffs alleging patent rights in the device. Further, with regards to the travel expenses, the defendant asserts that plaintiffs' "refus[al] to conduct depositions by way of video conference and insist[ence] on completing two rounds of depositions in Hong Kong, China," required counsel to travel and to incur certain travel expenses.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wuxi Shenxi Construction Machinery Co., Ltd.'s motion for attorney fees in the amount of $836,899.99 (doc. #184) be, and the same hereby is, GRANTED.

DATED December 23, 2010.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -